■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT PEETZ, JR., Appellant.— Appeal (1) from a judgment of the County Court, Kings County, convicting appellant, on his plea of guilty, of assault in the second degree, and (2) from each and every intermediate order therein made, including an order denying his motion, made before trial on the Grand Jury minutes, to dismiss the indictment charging him with manslaughter in the second degree. After the People had rested the court denied appellant's motion to dismiss the indictment for failure to prove a case beyond a reasonable doubt. Thereupon appellant withdrew his plea of not guilty to manslaughter in the second degree and pleaded guilty to assault in the second degree. Judgment affirmed. No opinion. No separate appeal lies from the intermediate orders, including the order denying appellant's motion to dismiss the indictment, made on the Grand Jury minutes, which orders have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock and Hallinan, JJ., concur; Murphy and Kleinfeld, JJ., dissent and vote to reverse the judgment and to dismiss the indictment, with the following memorandum: The infant child of appellant died as the result of a skull fracture. Appellant was indicted for manslaughter in the second degree in that "in the heat of passion [he] threw [the child] into a baby carriage". Homicide is manslaughter when committed "In the heat of passion" (Penal Law, § 1052, subd. 2; § 1050, subd. 2). The phrase connotes an act motivated by rage and not by malice (*Vaughan* v. *State,* 201 Ala. 472) and accomplished without intent to kill (*Shufflin* v. *People,* 62 N. Y. 229, 237; *People* v. *Wood,* 126 N. Y. 249, 262) but with knowledge of its nature (cf. *Duthey* v. *State,* 131 Wis. 178, 193, 194). Here the indictment charges appellant with throwing the child. There had to be proof that he did so and with such force as to cause the fracture. There was no such proof before the Grand Jury. The testimony of appellant's wife before the Grand Jury may not be considered as legal evidence upon which an indictment could be based; hence the only testimony before the Grand Jury on which there might be a showing of "heat of passion" was that given by the arresting detective as to the following colloquy between him and appellant: "' Q. Was your wife home? A. Yes, she had little Richard and Carol Ann. I said, "Hiya, honey." I took the baby from her and put him in the carriage. Q. Did you have any conversation before that? A. Yes. I told her to fix her hair and to look neat, and she said she did not have time. Q. Where was Richard? A. In her arms. Q. Were you annoyed? A. Yes, because I've told her a few times. Q. Did you take Richard? A. Yes. I dropped him in the carriage which was in the kitchen. Q. Did Richard fall in the carriage? A. Yes, I dropped him about a foot and a half.'" Certainly there is nothing in the foregoing to prove that the act was done in the heat of passion.